**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **S-TEK, INC.,** | ) | **Case No. 1:06 CV 449** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ANIMAS CORP.,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Animas Corporation's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") (**ECF No. 3**). Plaintiff S-Tek, Inc., a distributor for foreign manufacturers of liquid crystal displays ("LCDs"), bring this action against one of its customers, Defendant Animas Corporation, alleging that Animas owes it $137,974.61 for goods purchased on account. *ECF No. 1, Ex. 1* ("Compl."). For the reason to follow, the Court **GRANTS AS UNOPPOSED** the pending Motion.

**I.**

On January 6, 2006, S-Tek filed this case in the Cuyahoga Court of Common Pleas under Case No. CV06582654. The complaint read in its entirety:

> Now comes the Plaintiff, S-TEK INC., by and through its attorney Scott D. Maybaum and for it's (sic) Complaint against the Defendant, ANIMAS CORPORATION states as follows:

**COUNT ONE**

> 1. Defendant ANIMAS CORPORATION purchased goods from Plaintiff in Cuyahoga County, Ohio on account during the calendar year 2005.
>
> 2. Defendant ANIMAS CORPORATION owes Plaintiff the sum of One Hundred Thirty Seven Thousand Nine Hundred Seventy Four and 61/100 Dollard ($137,974.61) to the Account attached hereto and incorporated herein as if fully rewritten hereinafter and marked as Exhibit "A."

*Compl*. at 1. Animas removed the case to federal court based on diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000,. *ECF No. 1* ("Notice of Removal") ¶¶ 2-5; *see also* 28 U.S.C. §§ 1332, 1446(a).

On March 6, 2006, Animas filed the pending Motion, arguing that the case should be dismissed because the Court lacks personal jurisdiction over Animas. Animas asserts that in 2001, the parties initiated discussions concerning the possibility of incorporating different types of S-Tek's LCD components into Animas' IR 1200 insulin infusion pump. *Motion* at 2. As a result of these discussions, Animas purchased LCD components from S-Tek for the IR 1200 and its successor, the IR 1250, between 2002 and 2005. *Id*. The components were supplied by a Taiwanese manufacturer. *Id*.

Over the course of the parties' relationship, S-Tek's representatives visited Animas' headquarters in Philadelphia, but Animas representatives never visited S-Tek's Ohio location. *Notice of Removal at 2; Declaration of Richard A. Baron* ("Decl.") ¶ 9. All other contact occurred via email or telephone. *Notice* at 2; *Decl*. ¶ 8.

Shortly after Animas launched the IR 1250 insulin infusion pumps in 2004, it began receiving returns from customers complaining about the malfunctioning displays. *Notice*

at 2. After examining and testing the LCDs, Animas identified the problem as a defect in the LCD components. *Id*. Animas informed S-Tek of the problem and the parties attempted to negotiate a resolution. *Id*. When discussions failed, Animas refused to pay for any more shipments of the LCDs, and S-Tek commenced this action in state court. *Id*.

Animas argues that, outside the parties' contractual relationship, it has extremely limited contacts with the State of Ohio. *Notice* at 2. Animas neither leases nor owns real estate in Ohio; it has no offices or facilities here; it does not have a bank account here; it is not registered or licensed to conduct business in Ohio; it has never directed advertising towards Ohio; and it does not manufacture products in Ohio. *Id.*; *Decl*. ¶ 11-14. In the event the Court concludes that it does have jurisdiction over Animas, Animas urges the Court to transfer the case to the United States District Court for the Eastern District of Pennsylvania for the convenience of the parties and witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a). *Motion* at 9-11.

After reviewing Animas' Motion, the Court made several efforts to contact S-Tek's counsel, Attorney Maybaum, to schedule a telephone conference to discuss the Motion. The Court also sought the assistance of Animus' counsel (John Hansberry, Esq.) to contact Attorney Maybaum and come up with an agreed-upon time for a teleconference with the Court. When these efforts failed, the Court issued two orders.

On March 17, 2006, the Court issued a Case Management Scheduling Order setting a case management conference for April 4, 2006 at 2:00 p.m. The Court also issued a separate order, stating:

> A motion to dismiss for lack of jurisdiction was filed by defendant
> on March 6, 2006. The Court attempted to reach plaintiff's

> counsel several times since March 10, 2006 in order to schedule a
> telephone conference. A case management conference has been
> scheduled for 2:00 p.m. on April 4, 2006. If plaintiff does not file
> a response to the motion to dismiss by March 27, 2006, this case
> will be dismissed.

*ECF No. 5*.

Again, the Court sought Attorney Hansberry's assistance in contacting Attorney Maybaum to arrange a teleconference. By letter of March 23, 2006, Attorney Hansberry informed the Court that he had tried to contact Attorney Maybaum several times and left numerous unreturned messages. Meanwhile, the Court's staff made several of its own unsuccessful attempts to contact Attorney Maybaum. Finally, Mr. Maybaum returned the Court's calls and a teleconference was scheduled for March 24, 2006.

During the March 24th teleconference with counsel, the Court shared its view, having reviewed the complaint and the Motion, that it doubted it had jurisdiction over Animas and that, at the very least, it made more sense to litigate this case in the Eastern District of Pennsylvania. The Court asked Attorney Maybaum to re-consider this issue and decide whether to dismiss the case without prejudice or file a brief in opposition to Animas' Motion. Counsel agreed to extend the deadline for filing an opposition brief to April 3, 2006, and the Court issued an order so dictating. *ECF No. 10*.

It is now April 6, 2006 and Attorney Maybaum has neither filed a dismissal entry nor a brief in opposition to the pending Motion. More importantly, he has failed to return the Court's recent numerous messages. The Court construes Attorney Maybaum's silence as S-Tek's acquiescence to the arguments of Animas in its Motion.

-4-

**II.**

In sum, based on Animas' well-supported Motion and S-Tek's failure to respond to the cogent arguments contained therein, the Court finds that Animas' arguments are well-taken and hereby **GRANTS AS UNOPPOSED** the within Motion.

**IT IS SO ORDERED.**

>	*/s/Dan Aaron Polster     April 6, 2006*
>	**Dan Aaron Polster**
>	**United States District Judge**